IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                                       Civil Action No. 1:22-CV-90
                                                                       (JUDGE KLEEH)

**WPXI PITTSBURGH,**

      **Defendant.**

**REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND THAT
MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2] BE DENIED**

On September 12, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against an entity, namely, WPXI Pittsburgh ("Defendant"). [ECF No. 1 at 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF No. 2] to proceed *in forma pauperis* be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND[1]**

---

[1] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. WVU Medical Center, 1:22-CV-70, (6) Brizuela v. Mark Zogby, 1:22-CV-74, (7) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (8) Brizuela v. Highlands Hospital and Michelle Cunningham, 1:22-CV-76, (9) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (10) Brizuela v. CPEP, 1:22-CV-82, (11) Brizuela v. KDKA TV, 1:22-CV-83, (12) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (13) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these cases are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and Recommendations.

Plaintiff, a resident of the Commonwealth of Pennsylvania, alleges that Defendant, a television station, is liable to him for publishing information about Plaintiff's criminal prosecution that was incorrect or false (a claim sounding in defamation but not very well articulated as such), and for unspecified violations of his civil rights, invoking Title IX.

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District.[2] He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Two in Criminal Action No. 1:18-CR-1.[3] Plaintiff was sentenced to imprisonment for a term of time served, followed by three years of supervised release. Plaintiff

---

Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to several of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[2] The undersigned gives Plaintiff the benefit of the doubt that venue is proper in this Court, even though Plaintiff currently is a Pennsylvania resident and the claims he seeks to bring would be against what appears to be a Defendant operating in Pennsylvania. Per a review of a database maintained by the Federal Communications Commission, Defendant is a television outlet licensed to operate in Pittsburgh, Pennsylvania. See https://publicfiles.fcc.gov/tv-profile/WPXI (last visited Sept. 19, 2022). Under 28 U.S.C. 1391(b)(2), venue is proper in the District where "a substantial part of the events or omissions giving rise to the claim occurred. . .". For the sake of the initial screening, the undersigned assumes that Plaintiff was located in this District or otherwise had sufficient contacts with this District to have suffered alleged injury here. The undersigned further gives Plaintiff the benefit of the doubt that jurisdiction is proper in federal court, in that Plaintiff seeks to lodge federal question claims, albeit poorly articulated ones.

[3] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

In the Complaint [ECF No. 1] and accompanying materials in the instant matter, Plaintiff alleges – in a conclusory fashion and with little to no factual allegations in direct support – that Defendant (1) published information about his criminal prosecution that was incorrect or false (a claim akin to defamation but not very well articulated as such), and (2) violated his civil rights in an unclear fashion, and is liable under Title IX of the "Civil Rights Act of 1964."

As to the latter citation to authority, Title IX, it appears only in a brief handwritten notation on the civil cover sheet [ECF No. 1-2]. The undersigned is left to speculate that Plaintiff actually attempts to invoke Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681, *et seq.*, which was an update of the 1964 Act. In broad terms, this statutory scheme prohibits discrimination on the basis of sex in educational institutions and programs funded with federal monies. Thus, the nature of such a claim relative to Plaintiff's factual allegations is entirely unclear.

Plaintiff includes a single-spaced, densely-worded, and wide-ranging narrative [ECF No. 1, at 2-9] which appears to be correspondence addressed Defendant itself. This narrative is a missive by which Plaintiff generally decries his underlying criminal prosecution; explains how law enforcement and authorities involved in that criminal prosecution mistakenly scrutinized his medical practice; offers a conspiratorial take on the role of health insurance carriers in the prosecution of physicians; complains about the legal counsel he received in the underlying criminal matter; and explains that the loss of his medical license and inability to practice medicine has

curtailed his income, impacted him emotionally and physically, and had a deleterious effect on his family.

As for the named party-Defendant in the instant matter, Defendant offers little specificity in this accompanying narrative. Plaintiff seems to take umbrage with Defendant's alleged failure to tell Plaintiff's side of the story in Defendant's coverage of the criminal prosecution of Plaintiff. Plaintiff states that Defendant did not respond when Plaintiff contacted Defendant to offer more information about the prosecution. Plaintiff alleges that Defendant "is guilty of violating my civil rights by publishing false information without fact checking." [ECF No. 1, at 8]. Yet, other than a passing reference to Title IX (which is inapposite in this context, as explained below), there is no detail of what civil rights Plaintiff alleges Defendant violated or what specific statements or information Defendant published are alleged to be false. At bottom, Plaintiff seems to point to negative publicity of the type reported by Defendant as one reason for his inability to make a living as a physician and his loss of social standing. He seeks damages in the amount of $10,000,000.00. [ECF No. 1, at 1].

Finally, in conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On September 13, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se*

litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual

> heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged him such that he could maintain any viable legal claim. By his accompanying narrative (which appears to be correspondence directed at Defendant, and not necessarily a component of a well-pleaded complaint), Plaintiff accuses Defendant of (1) making false statements which adversely impacted his career as a physician (sounding in defamation), and (2) violating his civil rights, somehow in contravention of Title IX.

As for the false statements, Plaintiff does not indicate what specific media piece(s) Defendant published which he alleges are false, what the dates or specific contents of the publications were, which reporters were involved, or any other detail about the publication. Rather, Plaintiff seems to disagree with how Defendant characterized the prescription opioid crisis and the criminal prosecution of Plaintiff as part of the national response to that crisis. Plaintiff also complains that Defendant did not respond when Plaintiff tried to communicate with Defendant about its coverage. In any event, in no way does Plaintiff show how Defendant published <u>false</u> information. Plaintiff only alleges how Defendant published information in a fashion with which he disagrees, and how Defendant did not respond to Plaintiff when Plaintiff contacted Defendant to protest the coverage. Plaintiff alleges that Defendant's publication of information compromised his ability to make a living as a physician, and compromised his social standing. However, taking all of together, it nonetheless falls woefully short of any necessary component of a well-pleaded complaint to maintain a cause of action.

As for the alleged violations of his civil rights, Plaintiff does not offer any detail about what civil rights he alleges are at issue, except for a passing reference to Title IX. Plaintiff provides not even the scantest explanation for how Title IX entitles him to any relief. Thus, the Court is left to guess what specific authority Plaintiff relies upon in seeking relief pursuant to Title IX or what he even intends in the context of Title IX. After all, Title IX principally is a statutory scheme applicable to sex discrimination in educational settings – not allegations concerning media coverage of law enforcement action in a context such as Plaintiff's medical practice. Plaintiff's rambling factual summary decries how he disagrees with Defendant's coverage of the criminal matter and how he believes Defendant should have given him a platform to tell his side of the story. He then details his difficulties in regaining his medical license and finding other suitable work, and the financial, physical and emotional toll the experience has taken on himself and his family.

As impactful as all of this may have been to Plaintiff's professional opportunities, health, home, and family, Plaintiff does nothing to detail how Defendant acted contrary to Title IX. More broadly, he does nothing to explain how Defendant contravened any provision at law or policy of any sort – be it constitutional, statutory, regulatory, the common law, or otherwise. In passing, Plaintiff cites to certain caselaw in an attempt to explain how his underlying criminal prosecution was in error. Ruan v. United States, 142 S.Ct. 2370 (2022) (holding that to maintain criminal liability of a physician under the Controlled Substances Act, jury must find that a defendant subjectively believed they were wrongly prescribing medications). Plaintiff does not explain how the Ruan decision gives rise to a private cause of action in this civil context or otherwise supports a Title IX claim. Plaintiff specifies no other cause of action to pursue. This falls woefully short of any necessary component of a well-pleaded complaint required to maintain a cause of action.

To summarize, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. Thus, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and citations to authority in related attachments), as currently written, are without foundation in fact and do not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge against it or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendant giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

### IV.     RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that

Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 20, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE